15 F.3d 1082
 73 A.F.T.R.2d 94-660
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Corinne E. ANDREWS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-70428.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1993.
Decided Dec. 22, 1993.
As Amended Jan. 26, 1994.
 
 Before: HUG, SCHROEDER, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The appellant, Corinne E. Andrews, filed joint returns with her husband for tax years 1980, 1981, and 1982. Those returns reflected improper deductions, and the Commissioner of Internal Revenue later issued two assessments, one covering the years 1980 and 1981 and one covering 1982. Appellant's liability on the two assessments was tried before two different tax court judges after she petitioned for innocent spouse relief pursuant to the provisions of 26 U.S.C. Sec. 6013(e) (1988). The case before this court, which covers the assessment for the years 1980 and 1981, was tried first. Before Judge Dawson entered his decision in this case, Judge Halpern, the judge in the case concerning the 1982 deficiency, decided in the appellant's favor.[1] After Judge Dawson found for the Commissioner in this case, appellant asked Judge Dawson to reconsider his ruling in light of the opposite conclusion reached by Judge Halpern. Apparently, this was the first time that Judge Dawson learned that a related case had been tried before another judge. He denied the motion for reconsideration.
 
 
 3
 Although the nature of the record before Judge Halpern was somewhat more complete, the issue in both cases always has been appellant's statutory innocence, and we find the inconsistency between the two results troublesome. The government has never contended that the actual circumstances relevant to the appellant's innocence with respect to the 1982 liability were any different from the circumstances in this case. Although Judge Dawson's decision rests on the grounds that appellant received a substantial benefit from her husband's underreporting, Judge Halpern reached the opposite conclusion. In this situation, we conclude that it was an abuse of discretion for Judge Dawson to decline to review his decision to determine whether there is a rational basis for the inconsistent results or to attempt reconciliation. The inconsistent decisions are particularly jarring in light of the government's apparent decision not to appeal the case before Judge Halpern, and the resultant impossibility of resolving the conflicts on appellate review.[2]
 
 
 4
 Our holding applies only to appellant's 1981 liability, however, because as Judge Dawson correctly noted, the appellant has not met the threshold eligibility requirement for innocent spouse relief from the liability for tax year 1980. Under 26 U.S.C. Sec. 6013(e)(4), appellant does not qualify for innocent spouse relief unless her tax liability exceeds 25 percent of her adjusted gross income in the "preadjustment year"--the year prior to assessment. Both sides agree that appellant's 1981 liability met this threshold and that her 1980 liability did not. Accordingly, the sole disputed issue is one of statutory interpretation--whether understatements for two separate years that are assessed at the same time should be combined to meet the 25 percent threshold.
 
 
 5
 Appellant contends that the concern under Sec. 6013(e)(4) is not the year or years for which an understatement is assessed, but is the year in which the understatements are assessed. Her reading of the statute is contrary to its plain language. Section 6013(e)(4) commands that the innocent spouse provisions shall not apply unless "the liability described" in those provisions exceeds 25 percent of adjusted gross income. Taking irrelevant clauses out of Sec. 6013(e)(1) to ascertain the liability described, it reads, "if ... a joint return has been made under this section for a taxable year ... [and all other requirements are met], then the [innocent] spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year...." Thus, the statute asks whether liability, not assessment, exceeds the 25 percent threshold, and liability is determined by the taxable year. Because appellant's 1980 liability does not exceed 25 percent of her preadjustment year income, she does not qualify for innocent spouse relief for that liability.
 
 
 6
 REVERSED IN PART AND REMANDED. This panel will retain jurisdiction over any subsequent appeals.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 It is unclear exactly why the two cases never were consolidated
 
 
 [2]
 To the extent the court's decision not to reconsider its ruling was based on its disapproval of counsel's failure to advise the court of a related case before another judge, we note that the Commissioner was equally at fault